IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONY D. BELLAR,

      Petitioner,

  vs.                              Civil Action 2:16-cv-586
                                      Criminal No. 2:10-cr-006
                                      JUDGE GEORGE C. SMITH
                                      Magistrate Judge King

UNITED STATES OF AMERICA,

      Respondent.

## ORDER

Petitioner, a federal prisoner, was convicted on his plea of guilty to a drug related charge and was sentenced to a term of imprisonment of 115 months as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines ("the Guidelines") based on his criminal history. Acting with the assistance of counsel, Petitioner now challenges his characterization as a career offender in light of *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), which held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and *United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), which held that the residual clause of the Guidelines' career offender provision is also unconstitutionally vague. Petitioner asks that his sentence be vacated and that he be re-sentenced without application of the career offender provision. *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 44). This Court held proceedings in abeyance pending a decision in *Beckles v. United States*, 579 U.S. —, 136 S.Ct. 2510 (2016)(granting the petition for a writ *of certiorari*), regarding the claim at issue in this action. (ECF No. 47, Order).

On March 6, 2017, the United States Supreme Court held that the Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) is therefore not void for vagueness. *Beckles v. United States*, 580 U.S. —, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 580 U.S. at —, 2017 WL 855781, *6.

Based on the Supreme Court's *Beckles* decision, it now appears to this Court that "the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under these circumstances, Rule 4(b) requires that "the judge must dismiss the motion . . . ."

Consequently, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 44) is hereby **DISMISSED**.

        */s/ George C. Smith*
        **GEORGE C. SMITH, JUDGE**
        **UNITED STATES DISTRICT COURT**